NIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| MARCUS A. RHINEHART, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 3:25-cv-00053-SLG |
| ANNE ARGENTI, | |
| Defendant. | |

### ORDER OF DISMISSAL

On March 18, 2025, self-represented prisoner Marcus A. Rhinehart ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and a financial affidavit.[1] Plaintiff alleges that on or about March 5, 2024, Assistant District Attorney ("ADA") Anne Argenti violated his right to a speedy trial.[2] For relief, Plaintiff seeks $100 million in damages.[3] The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. For the reasons explained in this order, the Court finds amendment would be futile and must dismiss this case with prejudice.

---

[1] Dockets 1-4.

[2] Docket 1 at 3.

[3] Docket 1 at 6; Docket 2.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[5]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[6] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[7] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters

---

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[7] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 3:25-cv-00053-SLG, *Rhinehart v. Argenti*
Order of Dismissal
Page 2 of 7
Case 3:25-cv-00053-SLG   Document 7   Filed 07/15/25   Page 2 of 7

of judicial notice.[8] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[9]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[12] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[13] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint

---

[8] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[9] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[10] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Case No. 3:25-cv-00053-SLG, *Rhinehart v. Argenti*
Order of Dismissal
Page 3 of 7
Case 3:25-cv-00053-SLG    Document 7    Filed 07/15/25    Page 3 of 7

contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[14] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

## II. Screening Review of Plaintiff's Claim

Plaintiff alleges that on or about March 5, 2024, ADA Argenti, a state prosecutor, violated his right to a speedy trial.[16] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[17] of Plaintiff's pending criminal prosecution in *State of Alaska vs. Rhinehart,* Case No. 3AN-24-00745CR.[18] On February 4, 2024, the State filed the charges against Plaintiff in the state district court, and on March 5, 2024, the case was transferred to the superior court after Plaintiff was indicted.[19] According to the State's Courtview

---

[14] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[15] *Ashcroft,* 556 U.S. at 678.

[16] Docket 1.

[17] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); See *also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[18] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[19] *State of Alaska vs. Rhinehart,* Case No. 3AN-24-00745CR, Party Information.

records, ADA Argenti represents the State in that case, which is scheduled for a discovery hearing on August 13, 2025.[20]

Plaintiff's claim for monetary damages against the state prosecutor for an alleged violation of his right to a speedy trial cannot proceed as a civil rights action in federal court. The standard remedy for a violation of the right to a speedy trial—under both the U.S. Constitution and Alaska law—is dismissal of the criminal charges—not monetary damages.[21] Additionally, criminal prosecutors are entitled to absolute immunity for actions that are intimately associated with the judicial phase of the criminal process.[22] Accordingly, Plaintiff's claim for monetary damages against ADA Argenti is barred by prosecutorial immunity and must be dismissed.

---

[20] *Id.,* Events 08/13/2025.

[21] See *Strunk v. United States*, 412 U.S. 434, 439–40 (1973) ("The only possible remedy for [a] violation of the right to a speedy trial" is "to dismiss the indictment or otherwise drop the charges."); Alaska R. Crim. P. 45(g) (requiring dismissal of criminal charges if trial is not commenced within the prescribed time limits). *But see Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489091 (1973) (holding that a petition under 28 U.S.C. § 2241 could proceed where the petitioner sought "only to demand enforcement of the [state's] affirmative constitutional obligation to bring him promptly to trial" and the petitioner had exhausted all available state remedies toward that end.).

[22] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). *But see Torres v. Goddard*, 793 F.3d 1046, 1053 (9th Cir. 2015) (holding that absolute immunity does not apply where prosecutors use search warrants for collateral investigations unrelated to prosecution); *Genzler v. Longanbach*, 410 F.3d 630, 636–37 (9th Cir. 2005) (finding that prosecutors performing police-type investigative functions—such as interviewing witnesses before initiating prosecution—are entitled only to qualified immunity); *Buckley v. Fitzsimmons*, 509 U.S. 259, 271–73 (1993) (holding that prosecutors are not absolutely immune when fabricating evidence or making public statements during the investigative phase); *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986) (concluding that prosecutors are not immune when acting outside their quasi-judicial role, such as conspiring to unlawfully arrest a defendant).

Case No. 3:25-cv-00053-SLG, *Rhinehart v. Argenti*
Order of Dismissal
Page 5 of 7
Case 3:25-cv-00053-SLG    Document 7    Filed 07/15/25    Page 5 of 7

Further, to the extent Plaintiff intends to bring due process or other claims related to his criminal prosecution, federal courts must abstain from interfering with ongoing state criminal proceedings except in extraordinary circumstances.[23] Federal courts have consistently held that generic speedy trial claims do not meet the high threshold for extraordinary circumstances, absent evidence that the delay is in bad faith, intended to harass, or involves a law that is flagrantly and patently unconstitutional.[24]

Federal courts generally will not interfere in state criminal proceedings when a defendant alleges a federal constitutional violation; instead, the defendant is expected to raise constitutional objections in the state criminal case, including through pretrial motions, trial, and direct appeal if convicted. A defendant may seek further review in the state court by filing a petition for post-conviction relief.[25] Only after exhausting all those remedies, and only under narrow circumstances, may a state criminal defendant then pursue a federal habeas petition under 28 U.S.C. § 2254.[26]

---

[23] *Younger v. Harris*, 401 U.S. 37 (1971).

[24] *See Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019); *Arevalo v. Hennessy,* 882 F.3d 763, 767 (9th Cir. 2018).

[25] *See* Alaska Stat. § 12.72.010(a) (authorizing a person convicted of a crime to apply for post-conviction relief on grounds including constitutional violations, ineffective assistance of counsel, or newly discovered evidence). *See also LaBrake v. State,* 152 P.3d 474, 476–77 (Alaska Ct. App. 2007) (distinguishing between habeas corpus and post-conviction relief; explaining that habeas is available only when PCR is inadequate or unavailable).

[26] See *Younger v. Harris*, 401 U.S. 37 (1971); *Arevalo v. Hennessy*, 882 F.3d 763, 765–66 (9th Cir. 2018).

Case No. 3:25-cv-00053-SLG, *Rhinehart v. Argenti*
Order of Dismissal
Page 6 of 7
Case 3:25-cv-00053-SLG    Document 7    Filed 07/15/25    Page 6 of 7

A plaintiff cannot bring Section 1983 claims for monetary damages if a judgment in his favor would necessarily imply the invalidity of the conviction or sentence, unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[27]

For the reasons in this order, the Court finds that no additional facts could be pleaded to state a claim against ADA Argenti. Therefore, this case must be DISMISSED without leave to amend.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot**.

3. The Clerk shall issue a final judgment and close this case.

DATED this 15th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[27] *Heck v. Humphrey,* 512 U.S. 477 (1994).

Case No. 3:25-cv-00053-SLG, *Rhinehart v. Argenti*
Order of Dismissal
Page 7 of 7
Case 3:25-cv-00053-SLG    Document 7    Filed 07/15/25    Page 7 of 7